IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THOMAS EDWARD CAMPBELL # 62117**                            **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:17cv184-TSL-RHW**

**CAPTAIN CHRISTOPHER DYKES,** *et al.*                        **DEFENDANTS**

<u>REPORT AND RECOMMENDATION</u>

     This prisoner civil rights lawsuit is before the Court following review of all pleadings on file. Thomas Edward Campbell filed this case on March 20, 2017, alleging officers at East Mississippi Correctional Facility (EMCF) failed to protect him from being sexually assaulted and stabbed by his fellow inmates. Among those named as defendants was "Sargent (*sic*) Mosley." [1, p. 2] When counsel for the other defendants were unable to identify any "Sgt. Unknown Mosley," the Court entered Order [22] requiring Plaintiff to provide more information on the identity and location of Sgt. Mosley, or if unsuccessful in obtaining the information, to explain why, or to voluntarily dismiss Mosley. Plaintiff's response was due by October 11, 2017, but Plaintiff filed no response to Order [22].

     On October 25, 2017, the Court entered Order [25] requiring Plaintiff to Show Cause by November 8, 2017 why Mosley should not be dismissed from the case. Plaintiff filed no response to the Show Cause Order [25]. On November 30, 2017, the Court entered [28], a second Order to Show Cause why Mosley should not be dismissed from the lawsuit. Plaintiff's response to the second show cause order was due by December 15, 2017. Plaintiff filed a response [29] to the Court's second order [28] to show cause on December 6, 2017, and [30] a motion to amend the response on December 11, 2017. Based upon information contained in

Plaintiff's response, Defendant MTC advised the Court that the individual sued as Unknown Mosley is a former MTC employee named Harold Mobley, and provided Mobley's last known address to the Court under seal.  The Court promptly had the Clerk issue process for Harold Mobley at the address provided.  On January 12, 2018, the United States Marshal Service (USMS) returned the summons for Mobley unexecuted, bearing a handwritten notation indicating no one resided at that address.

On January 22, 2018, the Court entered Order [36] advising Plaintiff that, "While the Court directs service of process by the USMS for Plaintiffs who have been granted leave to proceed *in forma pauperis*,[1] it remains the Plaintiff's burden to provide the necessary information for issuance of the summons, *i.e.*, the Defendant's name and the place where he can be served with the summons and complaint."  The Court ordered that by February 12, 2018, "Plaintiff Thomas Edward Campbell shall provide the Court a current address where Defendant Harold Mobley may be served with the summons and complaint, failing which Defendant Mobley may be dismissed from this lawsuit."  Plaintiff did not respond to Order [36].  Mobley is still not served, although all remaining defendants have answered, and participated through counsel in the screening/omnibus hearing conducted by the undersigned on February 20, 2018.

## RECOMMENDATION

Because the Plaintiff has failed to provide sufficient information for issuing and serving process, the undersigned recommends that Defendant Harold Mobley be dismissed from the case.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it.  *L.U.Civ.R.* 72(a)(3).  An objecting party must

---

[1] Campbell was granted leave to proceed IFP on June 13, 2017.  [8]

specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond to the objection.  A party who fails to timely file written objections to the Report and Recommendation is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 26th day of February, 2018.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE