IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS EDWARD CAMPBELL                                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:17cv184-TSL-RHW

CAPTAIN CHRISTOPHER DYKES, *et al.*                                 DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

Before the Court is [49] the August 27, 2018 motion for summary judgment filed by Defendants Anthony Compton and Marshall Fisher in this prisoner civil rights lawsuit. Plaintiff Thomas Edward Campbell has filed no response to the motion.

<u>Facts and Procedural History</u>

Campbell is a Mississippi Department of Corrections (MDOC) inmate housed at East Mississippi Correctional Facility (EMCF), where he is serving four sentences totaling 12 years for a conviction of sexual battery from Simpson County, two convictions of methamphetamine sales from Rankin County, and a fourth conviction not identified on the MDOC web site. The MDOC web site reflects that Campbell entered the system February 10, 2011 and his tentative release date is April 12, 2019.

Campbell filed this lawsuit March 20, 2017, complaining of incidents which occurred at EMCF in 2015. Specifically, Campbell alleges inmate Jerome Kelly sexually assaulted him three times – on October 19, 21 and 25, 2015, and that Kelly then paid inmate Kendrick Keys to stab Campbell in the head on October 29, 2015. Campbell states his cellmate "patched [him] up." Campbell claims inmate Kelly is a gangster, and he threatened Campbell's life if he told anyone, then they broke his cane and told him to say that he had a seizure, fell down the stairs and hit his head and broke the cane. Campbell filled out a medical request form stating just that, and repeated it when was treated in the medical department on October 31, 2015. [1-1, pp. 7-13]

Campbell alleges he was placed in a restrictive housing unit (RHU) for several weeks, and then returned to the prison general population. [1, p. 4]

Campbell testified at the February 20, 2018 *Spears*/omnibus hearing that he had no further problems with Kelly or Keys. [40, p. 29] He testified he sued former MDOC Commissioner Marshall Fisher because Fisher did not respond to a letter Campbell wrote him about his housing classification after the alleged assaults. Instead, Fisher gave the letter to Anthony Compton,[1] for response. Compton advised Campbell to file a grievance if he felt his rights were being violated. [40, pp. 10-11, 26-27] Campbell sued Compton because he was dissatisfied with the response.

Fisher and Compton urge they are entitled to summary judgment on grounds of Eleventh Amendment immunity for Campbell's claims against them in their official capacities, and on grounds of qualified immunity for his claims against them individually. Movants further urge that Campbell's compensatory damages claims are barred by the physical injury requirement of the PLRA.

Summary Judgment Standard

Under FED.R.CIV.P. 56., summary judgment is required where there is no genuine dispute as to any material fact and movants are entitled to judgment as a matter of law. A genuine dispute of material fact exists "only where a reasonable jury could look at the evidence and return a verdict for the non-movant." *Johnson et al. v. Thibodeaux City et al.*, 887 F.3d 726, 735 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *Abarca v. Metropolitan*

---

[1]Anthony Compton is MDOC's Director of Private and Regional Prisons. [12]

*Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005).  Factual controversies are to be resolved in favor of the non-movant, "but only when where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Amerson v. Pike Cty., Miss.*, No. 3:09cv53-DPJ-FKB, 2012 WL 968058, at *2 (S.D. Miss. Mar. 21, 2012) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  The burden of proof at the summary judgment stage rests on the party who has the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

A summary judgment movant must identify those portions of the pleadings and discovery on file and any affidavits he/she believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 325.  Once movants carry that burden, the non-movant must show summary judgment should not be granted, a burden he cannot meet by resting upon mere allegations or denials.  The non-movant must set forth specific facts showing a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which show the existence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 324-325; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (one opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.").  *See also*, *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir. 2010).  If the party with the burden of proof cannot produce evidence on an essential element of his claim, summary judgment is required.  *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).  The Court does not "assume that the nonmoving party could or would prove the necessary facts."  *Little v. Liquid Air*, 37 F.3d at 1075.  Conclusory allegations,

unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Johnson v. Bernstein*, 547 F. App'x 412, 413 (5th Cir. 2013) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

<u>Sovereign immunity</u>

The Eleventh Amendment to the United States Constitution bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. U.S. Const. Amend. XI; *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Mississippi has not waived its sovereign immunity. MISS. CODE ANN. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Eleventh Amendment immunity from suit for monetary damages protects not only the state, but also state agencies deemed to be "an arm of the state," and employees of such agencies who are sued in their official capacities. See *American Bank and Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989), ("suit against a state official in his or her official capacity ... is no different from a suit against the State itself.")) The Mississippi Department of Corrections is considered an arm of the State of Mississippi, and is protected from suit by the Eleventh Amendment. *See Williams v. Mississippi Dept. of Corrections*, 2012 WL 2052101, at *1-2 (S.D. Miss. 2012); *Dandridge v. Mississippi*, 2009 WL 4940105, at *7 (S.D. Miss. 2009). Since it is undisputed that Fisher and Compton are employees of the MDOC, and thus of the State of Mississippi, they are immune

from Campbell's § 1983 claims for damages against them in their official capacities, and the undersigned recommends dismissal of any official capacity claims against Fisher and Compton.

## Qualified immunity

Fisher and Compton claim they are entitled to dismissal of Campbell's claims against them under the doctrine of qualified immunity. While 42 U.S.C. § 1983 provides for liability of a person acting under color of state law who deprives another of federally protected rights, the statute does not create a cause of action; it simply affords a remedy to those who, as a result of state action, are deprived of rights, privileges, or immunities secured by the Constitution and the laws of the United States. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). "Section 1983 is not a federally created tort statute." *Coughhorn v. Jackson County, Miss.*, 2006 WL 3197855, at *2 (S.D. Miss. Nov. 2, 2006).

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id*. "When properly applied, [qualified immunity] protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 2085 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In resolving a qualified immunity claim, the Court must decide whether the facts alleged show the officer's conduct violated a constitutional right and whether the right was "clearly established" at the time of its alleged violation. Campbell was required to allege facts sufficient

to demonstrate that no reasonable officer could have believed Fisher and Compton's actions were proper. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994); *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Campbell's pleadings, liberally construed, contain no allegation that either Fisher or Compton had any involvement in Campbell's being assaulted by inmates Kelly and Keys. "[I]ndividual liability under Section 1983 may not be predicated on the vicarious liability doctrine of *respondeat superior*." Instead, "[o]nly the direct acts or omissions of government officials" give rise to individual liability under that statute. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997) (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)). Thus, even if there were some constitutional violation involved in Campbell's assault by fellow inmates, Fisher and Compton cannot be held liable for it under § 1983. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.") See *Oliver v. Scott*, 276 F.3d 736, 742, and n. 6 (5th Cir. 2002) (§ 1983 does not "create supervisory or *respondeat superior* liability").

Campbell alleges only that Fisher did not respond to a letter Campbell wrote him months after he was attacked by the other inmates; that Fisher gave the letter to Compton; and that Compton's response was unsatisfactory because Compton failed to adequately investigate Campbell's complaints. Campbell has presented no authority holding that an inmate has a constitutional right to have prison officials answer his correspondence, and the undersigned has found none. Campbell's claims of inadequate investigation by Fisher and/or Compton likewise fail. See *Dehghani v. Vogelgesang*, 226 F. App'x, 404, 406 (5th Cir. 2007) (allegation that warden failed to adequately investigate grievance did not amount to constitutional violation); *Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (claim for failure to investigate did not amount to

constitutional violation). An inmate has no federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction, therefore he suffers no constitutional violation if his grievances are not answered. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *Jones v. Shabazz*, 2007 WL 2873042 at *21 (E.D. Tex. Sept 28, 2007); *Mahogany v. Miller*, 252 F. App'x 593, 594-95 (5th Cir. 2007).

A qualified immunity defense alters the usual summary judgment burden of proof in that, once officials plead the defense, the burden shifts to the Plaintiff to rebut the defense. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *Michalik v. Hermann,* 422 F.3d 252, 262 (5th Cir.2005)). Officials are entitled to qualified immunity on summary judgment unless Plaintiff has brought forth evidence showing a genuine issue of material fact that the officer's conduct violated a constitutional right and that the officer's actions were objectively unreasonable in light of clearly established law. *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). The undersigned finds Campbell has failed to carry his burden to negate the qualified immunity defense. *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997).

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that the motion for summary judgment be granted and this case, dismissed as to Defendants Marshall Fisher and Anthony Compton.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court

need not consider frivolous, conclusive, or general objections.  Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections.  Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Signed, this the 30th day of October, 2018.

    /s/ *Robert H. Walker*
    ROBERT H. WALKER
    UNITED STATES MAGISTRATE JUDGE