UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS EDWARD CAMPBELL                                      PLAINTIFF

VS.                                CIVIL ACTION NO. 3:17CV184TSL-RHW

CAPTAIN CHRISTOPHER DYKES, ET AL.                          DEFENDANTS

ORDER

This cause is before the court on the report and recommendation of Magistrate Judge Robert H. Walker entered on October 30, 2018, recommending that the motion of defendants Anthony Compton and Marshall Fisher for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted. Plaintiff has filed an objection. Having reviewed the report and recommendation and plaintiff's objection, the court concludes that the objection should be overruled and the magistrate judge's report and recommendation adopted as the opinion of the court.

By his objection, Campbell complains that when he wrote to defendant Fisher, then the Commissioner of the Mississippi Department of Corrections (MDOC), in December 2015 to apprise him of an October 2015 attack by a fellow inmate and to request a transfer or to be placed in protective custody, Fisher did not take action, but simply handed off his correspondence to defendant Anthony Compton, the Director of Private and Regional Prisons. Campbell charges that Compton, in turn, merely directed him to request protective custody from his case manager at his facility

and/or to file a grievance per the MDOC administrative review process. According to Campbell, had these defendants taken action to transfer him or place him in protective custody in December 2015, he would not have been the victim of subsequent attacks by different inmates in August 2016.

As the Fifth Circuit has recognized, supervisory defendants, like all prison officials, have a duty to take reasonable measures to protect inmates. See Johnson v. Johnson, 385 F.3d 503, 5250 526 (5th Cir. 2004). This being said, "given the size of the operation that they oversee, they cannot be expected to intervene personally in response to every inmate letter they receive." Here, where the record shows that Fisher and Compton responded to Campell's request for help by referring the matter for further investigation or taking similar administrative steps, it is clear that Fisher and Compton reasonably "discharged . . . their duty to protect the inmates in their care," id. at 526, and thus are entitled to qualified immunity of Campbell's failure-to-protect claim.

Based on the foregoing, it is ordered that the objection of plaintiff Thomas Edward Campbell to the report and recommendation of United States Magistrate Robert H. Walker on October 30, 2018 is overruled. It is further ordered that the report and recommendation of United States Magistrate Judge entered on October 30, 2018, be, and the same is hereby, adopted as the

finding of this court.  It follows that the motion of defendants Fisher and Compton for summary judgment is granted.

        SO ORDERED this 12th day of December, 2018.


                      /s/ Tom S. Lee
                      UNITED STATES DISTRICT JUDGE